## RUSSELL *v.* HYDE.

*(Circuit Court, D. Maine.* August 16, 1889.)

**1. PATENTS FOR INVENTION—INJUNCTION.**

Reissued letters patent No. 10,418, dated December 4, 1883, issued to A. Russell and F. Curtis for improvement in ships' pumps, claimed as the principal improvement a barrel whose length was less than its diameter, making it easily lined. Defendant's pump had a barrel whose length was considerably in excess of its diameter. *Held,* that the absence of this marked feature throws so much doubt on the question of infringement that a preliminary injunction will not be granted.

**2. SAME.**

Neither will it be granted where another claim is for a bucket externally dome-shaped, that is, having the form of an inverted cup, where defendant's bucket is not dome-shaped, and differs in other particulars.

In Equity. Motion for injunction.

*C. C. Powers* and *C. Hall,* for complainant.

*W. L. Putnam* and *Livermore, Fish & Richardson,* for respondent.

COLT, J. This is a motion for a preliminary injunction. The defendant is charged with infringing claims 5, 10, 11, 12, 13, and 14 of reissued letters patent No. 10,418, dated December 4, 1883, issued to Albert Russell and Francis Curtis for improvements in ships' pumps. The patent has already been before this court. *Russell* v. *Laughlin,* 26 Fed. Rep. 699. The main ground of defense to the present motion is non-infringement. The Russell pump is constructed with a barrel whose length is less than its diameter, which makes the pump short and easily lined, and this is one of the principal improvements described in the patent. The specification says:

"It is a part of said [invention] to produce a piston or bucket pump which is of good capacity, yet quite short, which is attained by making the barrel of large diameter in proportion to its length. This is a very desirable feature of the invention, since such a pump may be lined most successfully, as hereinafter set forth, and is particularly suitable for ships, where it is important that as much of the pump as possible be above deck, * * * and yet not of great height, for convenience in operation and keeping in order."

In the last five claims of the patent, which the defendant is charged with infringing, one of the main elements is a piston pump, having a barrel whose length is not greater than the diameter thereof. Now the Hyde pump does not have this special feature, because the barrel is there found to have a length considerably in excess of its diameter. Without going into less important differences, the absence of this marked feature in the defendant's pump throws so much doubt on the question of infringement that I am satisfied no preliminary injunction should be

granted respecting these claims. The theory of the plaintiff that the pump barrel of the patent means the working pump barrel, and that the Hyde barrel is like the plaintiff's because it has a bore whose working length for the bucket is not greater than its diameter, I cannot accept, because it is contrary to the plain meaning of the words, and inconsistent with the language of the specification. Nothing is said in the specification about the working length of the barrel not being greater than the diameter thereof; on the contrary, the specification states that the barrel is made short, so that it may be successfully lined, and for general convenience on ship-board. The construction contended for would be doing violence, not only to the ordinary meaning of the language used, but to the plain intention of the patentees.

The fifth claim remains. The feature of the pump covered by this claim consists of a bucket externally dome-shaped; that is, having the exterior or upper surface of the annular part turned down outwardly, so as to bring the outer edge and packing at or near the bottom of the bucket. By this arrangement it is said the pump may be made very short, and the bearing of the bucket or packing is in the best position for working evenly. The proceedings in the patent-office, on the taking out of the original patent, seem to limit this claim to a bucket which is dome-shaped. By "dome-shaped" is meant something having the form of an inverted cup or half globe. The defendant's bucket is not dome-shaped, and in some other particulars it differs from the Russell bucket. These differences raise grave doubts on the question of infringement. Upon the facts presented in this case I am satisfied the present motion should be denied.